Toomey, J.
INTRODUCTION
In this civil case, defendants move to dismiss Count II of plaintiffs complaint, which asserts a violation of G.L.c. 93A.
BACKGROUND
Defendants Robert Stone (“Stone”) and Genesis Consolidated Services (“Genesis”) employed LeBreton in January 2001 as a licensed construction supervisor. In or about June of 2001, Stone informed LeBreton that Stone’s construction supervisor license had been temporarily suspended and that Stone would need to use LeBreton’s license on various jobs, including projects in Fitchburg and Franklin. When LeBreton became aware that his license was being used in violation of the Building Code, he informed Stone that he was going to stop working on the Fitchburg and Franklin projects and that he wanted Stone to cease work on jobs where LeBreton’s license was being used. Stone continued to use LeBreton’s license.
LeBreton’s physician determined that he was temporarily disabled because of the stress caused by the misuse of his license. On August 22, 2001, as required by the Building Code, LeBreton notified the building inspectors of Fitchburg and Franklin of the violations of the Building Code; he was terminated by Stone on the same date. LeBreton brought this action for wrongful termination (Count I) and violation of G.L.c. 93A (Count II).
DISCUSSION
Pursuant to Mass.R.Civ.P. 12(b)(6), a court must dismiss a complaint for failure to state a claim where “it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977). In assessing a motion to dismiss, the court will accept as true the well-pleaded factual allegations of the complaint, as well as any inferences that can be drawn therefrom in the plaintiffs favor. See Eyal v. The Helen Broadcasting Company, 411 Mass. 426, 429 (1991). Thus, a court will permit a plaintiff to prevail over a motion to dismiss “unless it appears with certainty that he is entitled to no relief under any combination of facts that could be proved in support of his claim.” Brum v. Town of Dartmouth, 44 Mass.App.Ct. 318, 322 (1998) (emphasis in the original). At bar, defendants have failed to satisfy that standard.
Chapter 93A is intended to improve commercial relationships between consumers and business people engaged in trade or commerce. See Manning v. Zuckerman, 388 Mass. 8, 11 (1983). The Act was not intended to apply to employment disputes “between employers and the employees who work in the employer’s organization.” Id. Thus, where a dispute is principally confined to the provision of services by an employee to an employer within the same organization, the dispute is generally considered to have arisen out of the employment relationship and to be limited *351 to that relationship. See Dorfman v. TDA Industries, Inc., 16 Mass.App.Ct. 714, 721 (1983). In the employment milieu, a claim for a violation of G.L.c. 93A will lie only where the dispute arose from “part of the company’s commercial activities with regard to consumers, competitors or other business persons.” Id., quoting Manning v. Zuckerman, 388 Mass. 8, 13 (1983). Furthermore, we are guided by the Supreme Judicial Court’s observation that:
“Trade” and “commerce” are defined in G.L.c. 93A, § 1(b) as “the sale, rent, lease or distribution of any services . . . tangible or intangible . . . and shall include any trade or commerce directly or indirectly affecting the people of this commonwealth.”
Anzalone v. Mass. Bay Transportation Authority, 403 Mass. 119, 122 n.5 (1988). Therefore, the effect of Manning and Anzalone is to permit a G.L.c. 93A suit in the employment context only insofar as the allegations are founded upon external business doings.
In support of their motion to dismiss, defendants argue that the case at bar is governed by Manning, because the services LeBreton provided to the public were no different from the services provided by Manning as the editor of a magazine. See Manning at 13. The instant facts are, however, distinguishable from those presented in Manning. At bar, there is at least a colorable argument that the dispute over the improper use of LeBreton’s license by his employer does not arise purely out of the employment relationship. At trial, LeBreton may be able to show, for example, that the dispute arose from the company’s “commercial activities with, consumers. ” Dofman v. TDA Industries, Inc., supra, 16 Mass.App.Ct. at 721, quoting Manning at 13. Such a showing would distance the G.L.c. 93A dispute sub judice from that which, in the view of Manning, falls outside of the reach of G.L.c. 93A (services contemplated by statute are those offered generally by a person for sale to the public in a business transaction, not those services sold by an employee to an employer within the same organization). Manning at 13.
In addition, the Regulation of Home Improvement Contractors Act specifically provides that “violations of any of the provisions of this chapter shall constitute an unfair or deceptive act under the provisions of chapter ninety-three A.” G.L.c. 142A, §17. The Act prohibits, inter alia, “operating without a certificate of registration,” and “violation of the building laws of the commonwealth or any political subdivision thereof.” G.L.c. 142A, §17(1), (10). If LeBreton is able to prove facts that establish that his employer(s) made improper use of his license, he may have a valid G.L.c. 93A claim based upon his employers’ unfair and deceptive use of his license to offer commercial services to the public. At this very early stage in the proceedings, therefore, this court cannot say that there is a “certainty” that [LeBreton] is entitled to no relief under his G.L.c. 93A claim for the improper use of his license by his employer. See Brum at 322. Accordingly, Stone’s motion to dismiss cannot succeed.
With respect to Genesis’ motion to dismiss, the Rule 12 record indicates only that Genesis acted as a “co-employer” of LeBreton. Whether Genesis would share in any liability for a violation of G.L.c. 93A would depend on the particulars of the co-employment relationship. Consequently, Genesis’ motion for dismissal must also be denied.
CONCLUSION
Because the facts alleged in LeBreton’s complaint indicate that his employer may have improperly used LeBreton’s construction supervisor’s license to sell services to the public, and because G.L.c. 142A, §17 provides that violation of any of the provisions of c. 142A “shall constitute an unfair or deceptive act under the provisions of chapter ninety-three A,” defendants’ motions to dismiss must be denied.
ORDER
For the foregoing reasons, it is hereby ORDERED that defendants’ motions to dismiss are DENIED.